IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID KING, :
    Petitioner, :
v. : Case No. 3:20-cv-23-KAP
JOHN WETZEL, :
    Respondent :

<u>Memorandum Order</u>

Petitioner David King's motion to reconsider the denial of his motion to appoint counsel, ECF no. 28, is denied. The motions to change venue (variously styled to expressly or implicitly seek my recusal from this matter), ECF no. 30, ECF no. 33, are denied.

A petitioner in a habeas proceeding has no constitutional right to counsel. The Criminal Justice Act as codified at 18 U.S.C.§ 3006A(a)(2)(B) provides that whenever "the court determines that the interests of justice so require, representation may be provided for any financially eligible person who … is seeking relief under section 2241, 2254, or 2255 of title 28."

Appointment of counsel in a habeas proceeding is mandatory if the district court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2254 Proceedings, 28 U.S.C. *foll*. § 2254. *See* <u>United States v. Iasiello</u>, 166 F.3d 212, 213 n.3 (3d Cir.1999). Otherwise the matter is discretionary. <u>Reese v. Fulcomer</u>, 946 F.2d 247, 253 (3d Cir.1991), *superseded in part by statute*. After <u>Shinn v. Ramirez</u>, 596 U.S. 366, 384 (2022) held that a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy the requirements of 28 U.S.C.§ 2254(e)(2), the cases in which counsel should be appointed are few. Courts assume that counsel would improve a *pro se* litigant's work product, so the allegation that seeking counsel for a petitioner would help the petitioner is a given, but one that does not urge the appointment of counsel.

As for petitioner's motions to have this case before another judge in another district, they are neither supported by "a timely and sufficient affidavit" as required by 28 U.S.C.§ 144, nor present a case requiring recusal under 28 U.S.C.§ 455. Three years after the petitioner consented to magistrate judge jurisdiction, two years after the petitioner filed a traverse to the response, and one year after petitioner attempted to amend his petition, petitioner's motion is not timely. I understand that petitioner is frustrated with the lack of a decision. Whether one considers the petition ready for decision one year ago or two, ruling on the merits of all the petitions, complaints, and motions before me means that decisions are not instantaneous. *Compare* <u>Kendrick v.</u>

1

Dist. Attorney of Philadelphia, 488 F.3d 217 (3d Cir. 2007)(A habeas appeal docketed in 2002 was argued in January 2004, and a question certified to the Pennsylvania Supreme Court. By the time the question was answered in February 2007, the entire original panel had left the Court of Appeals, and a completely new panel issued an opinion in June 2007.)

Petitioner submits claims from a relatively recent form motion circulated at S.C.I. Houtzdale by repeat litigants unhappy with adverse decisions, asserting that I have such deep connections to the local legal community that I cannot rule fairly in his or any other case, and neither can any other judge in this district due to the influence that I have over them. In other words, petitioner claims I should recuse because he fears an adverse ruling. However, even actual adverse judicial rulings or case administration orders in the course of judicial proceedings that neither rely on knowledge from outside sources nor display an "unequivocal antagonism that would render fair judgment impossible" are no basis for a motion for recusal. Liteky v. United States, 510 U.S. 540, 555-56 (1994). A claim of bias cannot be based on adverse rulings or even repeated adverse rulings. Kirlew v. Att'y Gen. of U.S., 267 Fed.Appx. 125, 128 (3d Cir. 2008). If a perception of bias from adverse judicial rulings were legally meaningful, litigants would have the destructive incentive to file meritless motions just so that one could cite their denial as evidence of bias. Petitioner offers nothing else. I do not need to credit the allegation that I was "former U.S. District Attorney for Johnstown PA and surrounding district" not least because there is no such office. Nor is it the case that Michael Filia, Esq., petitioner's former counsel at the Cambria County Public Defender's Office, is now a federal public defender anywhere, including this division. Attorney Filia has in the past served on the Criminal Justice Act conflict panel in this division, and practices locally. As for my wielding such influence that no judge in this district can rule fairly in petitioner's case, judge shopping on the basis of an implausible assertion is still judge shopping. Petitioner's motions are inadequate whether considered under 28 U.S.C.§ 144 or 28 U.S.C.§ 455.

DATE: March 20, 2024

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

David King NA-2791
S.C.I. Houtzdale
P.O. Box 1000
Houtzdale, PA 16698-1000